IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ROBERT PATTERSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JOHN B. MANN,<br><br>　　　　Defendant. | MC 15-1-BU-BMM-JCL<br><br>ORDER |

Following the United States Marshals Service's seizure of property from Defendant John B. Mann pursuant to a Writ of Execution issued in this case, Mann requested a hearing as to the items seized. Presumably Mann seeks to avail himself of the opportunity to establish that some of the items seized are exempt from execution. Based on Mann's request, the Court set a hearing for November 3, 2016.

On October 25, 2016, Plaintiff Robert Patterson moved to dismiss Mann's purported claim for exempt property. Patterson asserts Mann has not complied with Fed. R. Civ. P. 69 and Mont. Code Ann. § 25-13-212. For the reasons discussed, the Court will deny Patterson's motion without prejudice pending Mann's compliance with section 25-13-212.

1

Montana law, as applicable by the terms of Rule 69, requires that a debtor who claims that certain property is exempt from execution must support the claims as required under Mont. Code Ann. § 25-13-212.  The referenced Montana law requires that a debtor's written request for a hearing must be accompanied by (1) "a written statement that describes the property that the judgment debtor claims is exempt and the reasons for the claim that the property is exempt," and (2) "any documentation upon which the judgment debtor is relying for the exemption claim."  Mont. Code Ann. § 25-13-212(1).  Additionally, the judgment debtor must mail his request for a hearing, and the referenced written statement and documents to (1) the judgment creditor's attorney, and (2) to the levying officer – the United States Marshal.  *Id*.  Absent the debtor's compliance with section 25-13-212(1), the "debtor may not claim an exemption in the seized property."  Mont. Code Ann. § 25-13-212(2).

The record reflects than Mann has not filed the required written statement and supporting documents with the Court.  And Patterson asserts Mann also has not provided the required materials to him.  But because the hearing is still nine days away, the Court will afford Mann an opportunity to comply with the Montana statute.

Therefore, IT IS HEREBY ORDERED that Patterson's motion to dismiss

Mann's claim for exempt property is DENIED without prejudice pending Mann's compliance with Mont. Code Ann. § 25-13-212(1).  Specifically, on or before **October 27, 2016**, Mann shall (1) file with the Court the required written statement and supporting documents relative to each item of property he claims is exempt from execution, and (2) mail those same materials to both Patterson's counsel and to the United States Marshal's office at the following address:

>United States Marshals Service
>201 E. Broadway St, Ste 220
>Missoula MT  59802-4507

If Mann fails to comply with this Order and Mont. Code Ann. § 25-13-212(1), then Patterson may renew his motion to dismiss Mann's claim. Alternatively, the Court would entertain a motion filed by either party to continue the November 3, 2016 hearing.

DATED this 25th day of October, 2016.

_____
Jeremiah C. Lynch
United States Magistrate Judge